EDWARD WIEBOLDT et al., Plaintiffs, *v.* RENTWAYS, INC., et al., Defendants.

Supreme Court, Special Term, Nassau County, January 19, 1967.

*Henry Wolfman* for Rentways, Inc., defendant. *Matthew P. Brady* for plaintiffs.

WILLIAM R. BRENNAN, JR., J. This motion pursuant to CPLR 3212 to dismiss the complaint on the ground that the action is barred by the 3-year Statute of Limitations (CPLR 214, subd. 5) is denied.

The accident occurred on June 5, 1963. To avert the tolling of the Statute of Limitations the plaintiffs delivered the summons to the Sheriff of the City of New York, *New York County* Division on June 3, 1966. The statute (CPLR 203, subd. [b]) provides, in part: " A claim asserted in the complaint is interposed against the defendant \* \* \* when: \* \* \* 4. the summons is delivered for service upon the defendant to the sheriff \* \* \* where the defendant is a corporation, *in the county in which it may be served,* if the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision ". (Italics supplied.)

On June 15, 1966, the City Sheriff's New York County Division sent the process to this Queens County Division stating that " Our Deputy Bailey was advised at the New York address that there is no one there authorized to accept service and that officers are located at \* \* \* Long Island City, Queens." The Queens County Division of the Sheriff's office made service on July 25, 1966, and, of course, the issue is whether delivery of the summons to the Sheriff in New York County was a compliance with CPLR 203 (subd. [b]).

In *Kosofsky* v. *Spivak* (N. Y. L. J., Aug. 12, 1964, p. 11, col. 1) the court considered a similar attack in connection with the

delivery of a summons for service to the Sheriff of the City of New York at his office in Kings County, although it appeared the defendant actually resided in Bronx County. The court stated: '' As to the third cause of action, delivery of the summons for service to the Sheriff of the City of New York at his office in Kings County should be held valid to toll the statute for sixty days pursuant to section 203 (b) 4 CPLR, even though the defendant resided in Bronx County and was employed in New York County at the time. Substantial justice requires such an interpretation (see Weinstein, K. & M., N. Y. Civil Practice, vol. 1, paragraph 203.15).''

Weinstein-Korn-Miller, New York Civil Practice (*loc. cit., supra*) notes with reference to the delivery of summons to the Sheriff of the City of New York at any of his offices that '' an error in choice of the proper sheriff's office should be disregarded if no real prejudice to the defendant results.'' Moreover, in the case at bar there are no affidavits submitted in behalf of the defendant by any person having knowledge of the facts establishing that no person described in CPLR 311 (subd. 1) as a proper person to whom a delivery of a summons may be made in connection with service on a domestic corporation was ever available at such office or offices or places for the transaction of business as the defendant operated in New York County on June 3, 1966. It follows that the motion must be denied and the defense pleaded in paragraph Ninth of the answer stricken (CPLR 3212, subd. [b]).